UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOEL IRWING WILSON,

    Petitioner,

v.                                                                                            Case No. 2:18-CV-78

KATHLEEN OLSON,                                                              HON. GORDON J. QUIST

    Warden.
_____/

### ORDER ADOPTING IN PART REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION

The Court has a habeas corpus petition filed by Joel Irwing Wilson pursuant to 28 U.S.C. § 2254.  The matter was referred to U.S. Magistrate Judge Maarten Vermaat, who issued a Report and Recommendation (R & R), recommending that the Court deny Wilson's petition, deny a certificate of appealability, and not certify that an appeal would not be taken in good faith.  (ECF No. 10.)  Wilson filed an objection to the R & R.  (ECF No. 11.)  Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part. The outcome, however, remains the same—Wilson's habeas petition is denied.

**OBJECTION: EXTRADITION AND DUE PROCESS**

Wilson makes one objection to the R & R. He argues that the magistrate judge's "determination that [Wilson] was not denied due process of law when he was forced to stand trial for charges that were unlawfully amended subsequent to his extradition." (ECF No. 11 at PageID.2129.) As the magistrate judge stated, "[t]he crux of [Wilson's] argument is that the 'offense' for which he was extradited was not the offense for which he was tried." (ECF No. 10 at PageID.2124.)

In rejecting this claim, the magistrate judge relied on *United States v. Rauscher*, 119 U.S. 407, 7 S. Ct. 234 (1886).  Rauscher was extradited from Great Britain to the United States so that he could stand trial for murder.  *Id.* at 409, 7 S. Ct. at 235.  When he arrived in the United States, Rauscher was indicted for "cruel and unusual punishment," not murder.  *Id.* The offense of "cruel and unusual punishment" was not an extraditable offense. *Id.* at 432, 7 S. Ct. at 247.  The Supreme Court held that Rauscher could not be punished for "cruel and unusual punishment" because "a person who has been brought within the jurisdiction of the court, by virtue of proceedings under an extradition treaty, can only be tried for one of the offenses described in that treaty, and for the offense with which he is charged in the proceedings for his extradition . . . ."  *Id.* at 430, 7 S. Ct. at 246.

Applying *Rauscher* to the facts in the instant case, the magistrate judge found that the "critical distinction" was that after Rauscher was extradited, he was charged with a non-extraditable offense. Wilson, however, "d[id] not contend that the offense described in the amended complaint are not subject to extradition under the treaty." (ECF No. 10 at PageID.2126.) The Court disagrees with this analysis. The *Rauscher* Court made clear that the extradited person "can only be tried for one of the offenses described in that treaty, *and for the offense with which*

*he is charged in the proceedings for his extradition . . . ." Id.* at 460, 7 S. Ct. 246; *see also id*. at 424, 7 S. Ct. at 243 ("That right, as we understand it, is that he shall be tried only for the offense with which he is charged in the extradition proceedings, and for which he was delivered up[.]"). The Sixth Circuit has also confirmed that "the principle of specialty 'requires that the requesting country not prosecute for crimes . . . for which an extradition was not granted.'" *United States v. Garrido-Santana*, 360 F.3d 565 (6th Cir. 2004) (quoting *Demjanjuk v. Petrovsky*, 776 F.2d 571, 583 (6th Cir. 1985), vacated on other grounds, 10 F.3d 338 (6th Cir. 1993)).

Therefore, the question is whether the amended complaint charged Wilson with different offenses than the offenses in the extradition petition. Wilson describes the differences as follows: "[The amended complaint] altered the charges by substituting a new complaining witness, Pamela Buehl, in place of complaining witness Robert Wachowski. The amended complaint also removed Robert Wachowski as the complaining witness in Counts 1 and 2, and replaced him with the much broader 'investors of the Diversified Group.'" (ECF No. 11 at PageID.2131.)

The Michigan Court of Appeals held that the complaint and the amended complaint charged the same offenses:

> Incorporating this principle of specialty, article 22(1) of the extradition treaty with Germany provides in pertinent part:
>
>> A person who has been extradited under this Treaty shall not be proceeded against, sentenced or detained with a view to carrying out a sentence or detention order for any offense committed prior to his surrender other than that for which he was extradited, nor shall he be for any other reason restricted in his personal freedom, . . . [Treaty Between the United States of America and the Federal Republic of Germany Concerning Extradition, signed June 20, 1978, art 22, cl 1 (emphasis added).]
>
> The term "offense" is not specifically defined in the treaty. However, plaintiff correctly observes that the complaint and amended complaint contain the same offenses, with the same possible penalties. There are only two differences between the original and amended complaints. First, in count two of the amended complaint, concerning the larceny by conversion charge, the language was changed from the

3

> conversion of property "which belonged to Robert Wachoski and other investors in the Diversified Group" to the conversion of property "which belonged to the investors in the Diversified Group[.]" The removal of one specific complainant does not change the nature of the offense. Both complaints alleged that defendant converted money from investors in the Diversified Group; Wachoski was one member of the group. Neither the elements of the offense nor the possible punishment were changed by the amendment.
>
> The second change involved one of the securities act violations, specifically that defendant illegally offered or sold unregistered securities, contrary to MCL 451.2508. The language was changed from "offering or selling a non-registered security to Robert Wachoski" to "offering or selling a non-registered security to Pamela Buehl[.]" The proofs for this charge remained essentially the same, despite that Wachoski may have purchased an interest in a different Diversified partnership, or invested a different amount, than Buehl. The crime charged is the offering of the unregistered security. Defendant has not shown that he was charged with a different offense so as to trigger the rule of specialty. Moreover, because no formal charging document is necessary to support a request for extradition under the treaty, *see Kaiser v Rutherford*, 827 F Supp 832, 834 (DDC, 1993), and the amendment of the complaint only fixed a technical defect in the initial complaint, we conclude that the amendment did not amount to a change in the charge or offense so as to prevent a trial on the offense. *See In re Rowe*, 77 F 161, 167 (CA 8, 1896).

(Mich. Ct. App. Op., ECF No. 6-16, PageID.1460-1461.)

The Michigan Court of Appeals decision was not contrary to, nor did it involve an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). It is not clearly established that the charges in the extradition petition must mirror the charges word-for-word in the charging document. At least one federal circuit court has found that the doctrine of specialty is not violated when a superseding indictment does not materially alter the substance of the offense for which the defendant is extradited. *United States v. Puentes*, 50 F.3d 1567, 1576 (11th Cir. 1995) (holding that adding additional defendants and extending the conspiratorial period for three years did not materially alter the substance of the offense). As the Michigan Court of Appeals correctly noted, the term offense is not defined in the treaty. The court explained that the minor changes in the amended

complaint were the result of "technical defects" and did not amount to a "different offense" under Michigan state law. This decision was not "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2)

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Wilson has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000); *Murphy*, 263 F.3d at 467. Therefore, the Court has considered Wilson's claim, including his objection, under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's denial of Wilson's claim was debatable or wrong. Thus, the Court will deny Wilson a certificate of appealability.

### CONCLUSION

Having reviewed Wilson's objection and finding no basis for habeas relief,

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 10) is adopted in part with the modifications noted above.

**IT IS FURTHER ORDERED** that Wilson's habeas corpus petition (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Wilson is **DENIED** a certificate of appealability.

A separate judgment will enter.

This case is **concluded**.

Dated: November 9, 2020                                         /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                          UNITED STATES DISTRICT JUDGE